UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY,<br><br>            Plaintiff,<br><br>v.<br><br>ACE American Insurance Company, Starr Technical Risks Agency, Inc., Westport Insurance Corporation, AIG Specialty Insurance Company, & General Security Indemnity Company of Arizona,<br><br>            Defendants. | Civil Action No.: 2:21-cv-1034-BHH |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) OR, IN THE
ALTERNATIVE, STAY PROCEEDINGS AND COMPEL PLAINTIFF TO SUBMIT TO
EXAMINATION UNDER OATH**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .............................................................................................. 1
PROCEDURAL BACKGROUND........................................................................................... 1
STATEMENT OF FACTS ....................................................................................................... 1
LEGAL STANDARD............................................................................................................... 4
ARGUMENT............................................................................................................................ 6
   I.   THE COMPLAINT MUST BE DISMISSED BECAUSE JWA DID NOT SATISFY THE POLICIES' CONDITION PRECEDENT TO SUBMIT TO AN EXAMINATION UNDER OATH ...................................................................................................................................... 6
   II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THE PROCEEDINGS AND COMPEL PLAINTIFF TO APPEAR FOR AN EUO ....................................................... 9
CONCLUSION......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 4, 5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ....................................................................... 4,5
*E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175 (4th Cir. 2000) .......................... 5
*Prince v. Farmers Insurance Company, Inc.,* 790 F. Supp. 263 (W.D. Okla. 1992) *rev'd on other grounds*, 982 F.2d 529 (10th Cir. 1992) ................................................................................... 7
*Puckett v. State Farm Gen. Ins. Co.,* 314 S.C. 371, 444 S.E.2d 523 (S.C. Sup. Ct. 1994) ............. 8
*Rosenthal v. Prudential Property and Casualty Co.,* 928 F.2d 493 (2nd Cir. 1991) ...................... 7
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) ................................................ 5
*United States Fidelity & Guaranty Co. v. Wigginton,* 964 F.2d 487 (5th Cir. 1992) ..................... 8
*Veney v. Wyche*, 293 F. 3d 726 (4th Cir. 2002) ............................................................................. 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1, 4, 8, 9

## PRELIMINARY STATEMENT

Defendants ACE AMERICAN INSURANCE COMPANY, STARR TECHNICAL RISKS AGENCY, INC., WESTPORT INSURANCE CORPORATION, and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA (hereinafter, the "Insurers") submit this Memorandum of Law in support of their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff JW ALUMINUM COMPANY's ("JWA") Complaint or, in the alternative, stay proceedings in this action and compel JWA to submit to an Examination Under Oath ("EUO"). Dismissal is appropriate because JWA failed to submit to the Insurers' request for an EUO during the investigation of its insurance claim. Because participation in an EUO is a condition precedent to recovery under JWA's insurance policies, JWA has failed to state a claim upon which relief can be granted.

As such, the Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, stay proceedings in this action and compel JWA to submit to an EUO.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a Summons and Complaint with this Court on or about April 7, 2021 (the "Complaint"). *See* ECF No. 1. In lieu of an Answer, Insurers now file this motion to dismiss JWA's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

This lawsuit arises from an insurance coverage dispute regarding damage to JWA's aluminum smelting and production facility located at 435 Old Mount Holly Road, Goose Creek, South Carolina 29445 (hereinafter, "Mount Holly Site"). *See* ECF No. 1, ¶¶ 1, 18. The Mount Holly Site housed JWA's production line in the site's cast house (hereinafter, "Cast House"). *See*

ECF No. 1, ¶ 19. JWA alleges that August 4, 2020, there was a fire at the Cast House causing damage to the structure and the casting equipment ("Equipment") located inside the Cast House (the "Incident"). *See* ECF No. 1, ¶¶ 1-2, 21-22.

On June 15, 2020, JWA requested a change to the insurance policies issued by the Insurers. JWA was insured by the Insurers under three (3) insurance policies with effective dates of coverage from December 31, 2019, through December 31, 2020 (hereinafter, the "Policies").[1] *See* Declaration of Charles J. Rocco, ¶ 5, Ex. A-C (hereinafter "*Rocco Dec.*"); *See also* ECF No. 1, ¶¶ 8, 10, 12. Prior to the Incident, in June 2020, JWA completed construction of an expansion facility at the Mount Holly Site (hereinafter, the "Boilermaker Facility"). *See* ECF No. 1, ¶ 18. On June 15, 2020, JWA's insurance broker, Marsh, sent separate emails to each of the Insurers requesting that changes be made to the Policies to accommodate for the Boilermaker Facility expansion. In the emails, Marsh represented that "[e]ffective 7/1/20, [B]oilermaker will officially be operational," and "at the same time JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building." Marsh also advised the Insurers that "the equipment is being sold." *See Rocco Dec.*, ¶ 6, Ex. D. It was the Insurers' understanding that the equipment at the existing Mt. Holly building was being removed from coverage.

On August 11, 2020, JWA submitted an insurance claim regarding the Incident. The Insurers immediately began an investigation into the claimed damages. *See* ECF No. 1, ¶¶ 45-46; *Rocco Dec.* ¶ 7. The Policies require JWA to both: (a) appear for an EUO; and (b) permit inspection at the examination of any documentation requested by the Insurers. *See Rocco Dec.* ¶ 7. The Policies provide in relevant part:

---

[1] The Complaint further alleges that Plaintiff was insured under a Policy issued by AIG. However, AIG is not a party to this Motion and, as such, the AIG policy is not referenced herein.

2

**IV.    CONDITIONS**

***

R.    Requirements in Case of Loss

***

The Insured, as often as may be reasonably required, shall produce for examination all books of account, bills, business records, invoices and other vouchers, or any other documents reasonably related to the procurement of this policy or to the scope and extent of the loss at such reasonable time and place as may be designated by this Company, and shall permit extracts and copies thereof to be made.

The Insured, and any officer, director, or employee thereof, shall, as often as may be reasonably requested by this Company, submit to examination under oath by any person named by this Company, while not in the presence of any other Insured, about any matter relating to this insurance or to any claim, and the Insured shall sign and return the original transcript of the examination within thirty (30) days after submission to the Insured.

***

*See Rocco Dec.*, ¶ 5, Ex. A-C.

The Insurers requested documents and information from JWA, along with a request for an EUO.

By letter dated October 1, 2020, the Insurers requested documents necessary to their investigation into JWA's claim. *See Rocco Dec.*, ¶ 8, Ex. E. JWA did not provide the documents as requested in the letter. On December 30, 2020, the Insurers followed up and again requested documents and information from JWA. *See Rocco Dec.*, ¶ 9, Ex. F. This included a notice to JWA to appear for an EUO on February 17, 2021 as per the Policies' requirements. *See Rocco Dec.*, ¶ 9, Ex. F. On February 11, 2021, JWA responded that it was reviewing its records and will respond to the Insurers' request after completing its investigation. JWA did not provide any of the requested documents before the noticed EUO date of February 17, 2021 and, to date, has refused to appear for an EUO. *See Rocco Dec.*, ¶ 9.

Further, JWA did not provide any responsive documents to the Insurers' December 30, 2020 request until March 2, 2021, when JWA provided a link to access over 30,000 pages of documents and communications. *See Rocco Dec., ¶* 10, Ex. G.  Despite a voluminous production, JWA failed to provide all of the documents requested by Insurers. *See Rocco Dec., ¶* 10.

By letter dated April 22, 2021, in an effort to avoid litigation and work in tandem with JWA to resolve the coverage disputes, the Insurers sent a letter to JWA advising that the Insurers have reviewed the documents produced and that the Insurers intended on proceeding with an EUO. *See Rocco Dec.*, ¶ 11, Ex. H.  The letter also reiterated the request for documents that JWA failed to provide.  *Id.*  Again, JWA refused to provide the outstanding documents necessary to the Insurers' investigation and to conduct the EUO.  As such, on May 12, 2021, the Insurers again requested the outstanding information and to conduct the EUO.  *See Rocco Dec.*, ¶ 12, Ex. I.  Instead of cooperating with the Insurers' investigation, JWA filed this lawsuit in breach of their duty to cooperate under the Policies.  In this instance, that breach should operate as a condition precedent to JWA's lawsuit.

## **LEGAL STANDARD**

The applicable legal standard supports the Insurers' argument that JWA's claims should be dismissed.  A complaint is subject to dismissal if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "contain enough factual content to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The court should first determine if the legal conclusions are supported by factual allegations, and then

4

whether, assuming their veracity, those factual allegations plausibly give rise to an entitlement of relief. *Ashcroft*, 556 U.S. at 679. Although a court must accept as true all of the allegations contained in a complaint and take the facts in the light most favorable to the plaintiff, a court "need not accept the legal conclusions drawn from the facts." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). Similarly, "[a court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint need not assert "detailed factual allegations," however, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Id*. at 555 (citations omitted).

Further, when the allegations are contradicted by exhibits to the complaint or incorporated by reference in the complaint, the court need not accept the allegations contained in the complaint as true. *See Veney v. Wyche*, 293 F. 3d 726, 730 (4th Cir. 2002) (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Here, Plaintiff alleges that it satisfied all conditions precedent to coverage. *See, e.g.,* ECF No. 1, ¶ 53. As such, the relevant insurance policies and correspondence related to Plaintiff's failure to comply with policy conditions can be considered in deciding this motion because they are incorporated by reference in, and integral to, the Complaint. *See, e.g.,* ECF No. 1, ¶ 53. The documents establish that participation in an EUO is a condition precedent to recovery under JWA's insurance policies with the Insurers and further establish that JWA failed to do so. As such, JWA has failed to state a claim upon which relief can be granted and Defendants' Motion to Dismiss should be granted.

**ARGUMENT**

**I.   THE COMPLAINT MUST BE DISMISSED BECAUSE JWA DID NOT SATISFY THE POLICIES' CONDITION PRECEDENT TO SUBMIT TO AN EXAMINATION UNDER OATH**

JWA's willful failure to provide necessary documents and to submit to an EUO constitutes a material breach of the Policies and bars JWA from recovering damages in this action. The Conditions section of the Policies clearly requires JWA to produce documents requested by the Insurers and appear for an EUO. Specifically, the Policies provide in pertinent part:

> IV. CONDITIONS
>
> R. Requirements in Case of Loss
>
> \*\*\*
>
> The Insured, as often as may be reasonably required, shall produce for examination all books of account, bills, business records, invoices and other vouchers, or any other documents reasonably related to the procurement of this policy or to the scope and extent of the loss at such reasonable time and place as may be designated by this Company, and shall permit extracts and copies thereof to be made.
>
> \*\*\*
>
> The Insured, and any officer, director, or employee thereof, shall, as often as may be reasonably requested by this Company, submit to examination under oath by any person named by this Company, while not in the presence of any other Insured, about any matter relating to this insurance or to any claim, and the Insured shall sign and return the original transcript of the examination within thirty (30) days after submission to the Insured.

*See Rocco Dec.*, Ex. A-C.

The Insurers requested documents and information from JWA, along with a request for an EUO.

As part of their ongoing investigation of JWA's insurance claim, the Insurers sent a notice to JWA to appear for an EUO on February 17, 2021. *See Rocco Dec.*, ¶ 9, Ex. F.  The Insurers' required the EUO to determine, amongst other issues, the specific meaning of the June 15, 2020

6

email from Marsh to the Insurers stating that "[e]ffective 7/1/20, [B]oilermaker will officially be operational," and "at the same time JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building" and that "the equipment is being sold." *See Rocco Dec.*, ¶ 6, Ex. D. This issue is *critical* to the investigation of JWA's claim as it directly relates to the scope and availability of coverage under the Policies. Based on the June 15, 2020 Marsh email, it was the Insurers' understanding that the equipment at the existing Mt. Holly building was being removed from coverage prior to the Incident. Thus, the Insurers requested additional documentation from JWA to clarify the issue and demanded the EUO.

JWA failed to provide the requested documents before the noticed EUO date of February 17, 2021. Rather, on February 11, 2021, JWA responded that it was reviewing its records and will respond to the Insurers' request after completing its investigation. JWA did not provide any of the requested documents before the noticed EUO date of February 17, 2021 and, to date, has refused to appear for an EUO. *See Rocco Dec.*, ¶ 9. Further, JWA did not provide any responsive documents to the Insurers' December 30, 2020 request until March 2, 2021, when JWA provided a link to access over 30,000 pages of documents and communications. *See Rocco Dec.,* ¶ 10, Ex. G. Despite a voluminous production, JWA failed to provide all of the documents requested by Insurers. *See Rocco Dec.,* ¶ 10. Insurers' reiterated their request for the outstanding documents and information. Yet, JWA has also refused to provide the outstanding documents and appear for an EUO since that time. *See Rocco Dec.,* ¶¶ 10, 13. Generally speaking, federal courts have held that an insured's willful failure to sit for an EUO as required by an insurance policy constitutes a material breach of that policy. *Prince v. Farmers Insurance Company, Inc.,* 790 F. Supp. 263, 266 (W.D. Okla. 1992) *rev'd on other grounds*, 982 F.2d 529 (10th Cir. 1992); *Rosenthal v. Prudential Property and Casualty Co.,* 928 F.2d 493 (2nd Cir. 1991); *United States Fidelity & Guaranty Co.*

7

*v. Wigginton,* 964 F.2d 487, 490-491 (5th Cir. 1992). This means that if an insurer requests an EUO it essentially becomes a condition precedent to a lawsuit.

As per settled South Carolina law, JWA's claims in this action are barred because the Insurers were prejudiced by JWA's failure to comply with the conditions of the Policies. While the South Carolina Supreme Court has held that an insured's failure to appear for an EUO despite the conditions of the insurance policy does not, *on its face*, act as a condition precent to a lawsuit, it explicitly stated that "an insured's failure to cooperate may bar recovery under a policy <u>where the insurer can show prejudice therefrom</u>." *Puckett v. State Farm Gen. Ins. Co.,* 314 S.C. 371, 373, 444 S.E.2d 523, 523 (S.C. Sup. Ct. 1994) (emphasis added).  Here, the Insurers have been prejudiced by JWA's refusal to submit to an EUO as JWA's refusal has significantly hampered the Insurers' investigation of the Incident.  As discussed above, the EUO is the Insurers' most effective tool to assist in determining the specific meaning of the June 15, 2020 email from Marsh to the Insurers stating that "[e]ffective 7/1/20, [B]oilermaker will officially be operational," and "at the same time JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building" and that "the equipment is being sold." *See Rocco Dec.*, ¶ 6, Ex. D.  This *critical* issue was not clarified upon examination of the documents provided by JWA to the Insurers as JWA failed to provide all communications between JWA and Marsh.  JWA's consistent and willful refusal to produce outstanding documents and submit to an EUO denied the Insurers' their opportunity to obtain further information critical to their investigation of JWA's claim. Thus, it is clear that the Insurers have been significantly prejudiced by JWA's failure to submit to an EUO.

Wherefore, the Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12 (b)(6).

## II.  IN THE ALTERNATIVE, THE COURT SHOULD STAY THE PROCEEDINGS AND COMPEL PLAINTIFF TO APPEAR FOR AN EUO

As discussed in Section I, *supra*, JWA's claims are barred because JWA willfully refused to provide documents and appear for an EUO.  In the alternative, the Insurers respectfully request the Court to stay the proceedings and compel JWA to appear for an EUO (including production of the outstanding documents necessary to conduct the EUO). This will allow the Insurers the opportunity to obtain the critical information they need to continue the investigation of JWA's claim.

Notwithstanding the Insurers request for a stay, the Insurers seek limited discovery to properly prepare for the EUO.   The Insurers request that the Court permit issuance of a non-party subpoena on Marsh.  This will allow the Insurers to obtain Marsh's file and communications with JWA regarding the request for change in coverage.  *See Rocco Dec.*, ¶ 6, Ex. D.  This limited discovery would streamline issues for the EUO.

Wherefore, the Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12 (b)(6) or, in the alternative, stay proceedings in the instant action and compel JWA to appear for an EUO.

## **CONCLUSION**

For the foregoing reasons, the Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12 (b)(6) or, in the alternative, stay proceedings in the instant action and appear for an EUO.

*Signature on following page*

Dated: June 24, 2021

        Respectfully submitted,

By: s/Brian C. Duffy
    Brian C. Duffy, Fed Bar. No. 9491
    J. Rutledge Young, Jr., Fed. Bar No. 4432
    DUFFY & YOUNG, LLC
    96 Broad Street
    Charleston, South Carolina 29401
    (843) 720-2044 (phone)
    (843) 720-2047 (fax)
    bduffy@duffyandyoung.com
    jry@duffyandyoung.com

*Attorneys for Defendants*
*ACE American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, and Westport Insurance Corporation*