## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY, | |
| Plaintiff, | Civil Action No.: 2:21-cv-1034-BHH |
| v. | |
| ACE American Insurance Company, Starr Technical Risks Agency, Inc., Westport Insurance Corporation, AIG Specialty Insurance Company, & General Security Indemnity Company of Arizona, | |
| Defendants. | |

## DECLARATION OF CHARLES J. ROCCO

CHARLES J. ROCCO declares, under penalty of perjury:

1.    I am a partner at the law firm Foran Glennon and am a member in good standing of the bar of the highest courts of the State of New York and New Jersey.  I am also admitted to the United States District Court for the following districts: Northern District of New York, Eastern District of New York, Southern District of New York, and Western District of New York.

2.    I have been retained by Defendants ACE American Insurance Company, Inc. ("ACE"), Starr Technical Risks Agency, Inc. ("Starr"), General Security Indemnity Company of Arizona ("GSICA"), and Westport Insurance Corporation ("Westport") (hereinafter, collectively the "Insurers") in the above-referenced matter. As such, I am fully familiar with the facts and circumstances of this matter as set forth herein.

3.    I am in the process of seeking admission *pro hac vice* in this action.

4.    I submit this affirmation in support of the Insurers' Motion to Dismiss Plaintiff JW Aluminum Company's ("JWA") Complaint or, in the alternative, stay proceedings and compel JWA to submit to an Examination Under Oath ("EUO").

5.    At the time the alleged damage occurred, JWA was insured pursuant to three (3) insurance policies issued by the Insurers: (1) ACE American Insurance policy no. EPRN14338688, with effective dates of coverage from December 31, 2019, through December 31, 2020, annexed hereto as **Exhibit "A"**; (2) General Security Indemnity Company of Arizona policy no. FA006010-2019-1, with effective dates of coverage from December 31, 2019, through December 31, 2020, annexed hereto as **Exhibit "B"**; and (3) Westport Insurance Corporation policy no. NAP045191707, with effective dates of coverage from December 31, 2019, through December 31, 2020, annexed hereto as **Exhibit "C"** (collectively, the "Policies").

6. On June 15, 2020, JWA's insurance broker, Marsh, sent separate emails to each of the Insurers requesting that changes be made to the Policies to accommodate for the Boilermaker Facility expansion. In the emails, Marsh represented that "[e]ffective 7/1/20, [B]oilermaker will officially be operational," and "at the same time JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building." Marsh also advised the Insurers that "the equipment is being sold." The relevant emails are collectively annexed hereto as **Exhibit "D."**

7. On or about August 11, 2020, JWA made a claim under the Policies and Insurers began their investigation of the claimed damages. The Conditions of the Policies require JWA to produce documents requested by the Insurers and appear for an EUO. *See* **Exhibits "A"-"C**.*"*

8. On October 1, 2020, the Insurers issued a reservation of rights letter to JWA wherein they requested documents necessary to their investigation into JWA's claim. A copy of the October 1, 2020 letter is annexed hereto as **Exhibit "E."**

9. On December 30, 2020, during the course of their ongoing investigation, the Insurers sent a letter to JWA requesting documents, demanding JWA to appear for an EUO as per the Policies' requirements, and to provide requested documents in advance of the EUO. True copies of these letters are annexed hereto as **Exhibit "F."** On February 11, 2021, JWA responded that it was reviewing its records and will respond to the Insurers' requests after completion of its investigation. JWA did not provide any of the requested documents prior to the noticed EUO date of February 17, 2021 and, to date, has not appeared for an EUO.

10. On March 2, 2021, JWA provided a link with access to over 30,000 pages of documents. A true copy of this correspondence is annexed hereto as **Exhibit "G."** While JWA provided a significant number of documents, JWA failed to provide all of the documents necessary to move forward with the EUO.

11. On April 22, 2021, the Insurers sent a letter requesting the outstanding documents and advising that the Insurers still wished to move forward with the EUO. A true copy of this correspondence is annexed hereto as **Exhibit "H."**

12. On May 12, 2021, the Insurers again requested the outstanding information necessary to their investigation and to conduct the EUO. A true copy of this correspondence is annexed hereto as **Exhibit "I."**

13. To date, JWA has refused to cooperate with the Insurers' investigation and has refused to appear for an EUO in violation of the terms of the Policies.

**WHEREFORE**, Insurers' Motion to Dismiss the Complaint or, in the alternative, compel JWA to submit to an EUO and stay proceedings must be granted.

Dated: June 24, 2021
  New York, New York

                    Respectfully Submitted,

              By: _____
                    Charles J. Rocco