

May 12, 2021

**<u>VIA EMAIL</u>**

Peter M. Gillon
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street, NW
Washington, DC 20036
peter.gillon@pillsburylaw.com

   RE: Insured:   JW Aluminum
      Date of Loss:  August 4, 2020
      <u>Location of Loss: 435 Old Mt. Holly Road, Goose Creek, SC</u>

Dear Mr. Gillon:

  As you know, we represent ACE American Insurance Company, General Security Indemnity Company of Arizona and Westport Insurance Corporation (collectively, "Insurers") in this matter. This is in response to your April 28, 2021 letter.

  As an initial matter, we understand the definitions of covered property and what constitutes such property under the Policies. That is not the issue. On June 15, 2020, Marsh sent an email to each of the Insurers requesting that changes be made to the Policies. In the emails, Marsh represented that JW was "scraping $60,000,000 of equipment at the existing Mt. Holly building." As part of the Insurers' investigation, they need to understand the change that was being requested by Marsh when it wrote that sentence. The underwriters understood that Marsh was requesting that the underwriters take the Legacy equipment off the Policy. In fact, Marsh advised the Starr Tech underwriter that "the equipment is being sold." Unfortunately, the documents produced to date, while voluminous, did not clarify this issue. As such, the Insurers are entitled to continue their investigation into this issue and JWA has a duty under the Policies to cooperate in the investigation. The Conditions section of the Policies clearly require JWA to produce documents requested by Insurers, as well as appear for an examination under oath ("EUO"). In that regard, the Policies provide in relevant part:

  IV. CONDITIONS

    R. Requirements in Case of Loss

***

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

Charles J. Rocco, Attorney at Law 212.257.7101 crocco@fgppr.com
40 Wall Street, 54th Floor, New York, New York 10005 tel 212.257.7100 www.fgppr.com

Chicago | Irvine | San Francisco | New York | London | Denver | Las Vegas | Phoenix

Mr. Peter M. Gillon
May 12, 2021
Page **2** of **3**

> The Insured, as often as may be reasonably required, shall produce for examination all books of account, bills, business records, invoices and other vouchers, or any other documents reasonably related to the procurement of this policy or to the scope and extent of the loss at such reasonable time and place as may be designated by this Company, and shall permit extracts and copies thereof to be made.

***

Certain information previously requested by the Insurers remains outstanding. We refer you to our April 22, 2021 letter for a complete list of the outstanding documents. We would again request you to consider waiting to serve the Complaint until after you have provided such information to the Insurers for review as the requested documents may resolve this issue. To the extent that you refuse to do so, the Insurers will be forced to move to stay the litigation pending receipt of the outstanding documents and completion of the EUO.

Your letter suggests that Westport Insurance Corporation's payment of its respective share of $10M indicates an agreement that this issue is undisputed. To be clear, Westport's payment of its share of up to $10M was not an agreement that this issue is undisputed. Westport made the payment subject to a complete reservation of its rights. As such, Westport's payment was not and should not be considered undisputed under any circumstances.

With regard to the documents related to JWA's investigation of the cause of the Mt. Holly fire, it is correct that JWA has provided the Insurers with some information on the issue. However, during our telephone conference, your firm represented that JWA already provided *all* of JWA's documents and information related to its investigation of the fire to the Insurers' adjustment team. This would include all employee interviews and incident reports or notes related to the fire. As previously advised, we reviewed the documents provided to the adjustment team and did not see any employee interview or incident reports/notes prepared by JWA. Please provide the requested information as required by the above-cited Cooperation provision of the Policies.

Finally, as the Insurers complete their investigation, they will share the results of their claim investigation.

This, as well as all communications with respect to this claim, are without waiver of and/or prejudice to any and all Policy provisions and any and all rights and/or defenses of Insurers whether under the Policies or at law, all of which continue to be expressly reserved.

If you have any questions, please do not hesitate to contact the undersigned.

Mr. Peter M. Gillon
May 12, 2021
Page **3** of **3**

           Very truly yours,
           Foran Glennon Palandech Ponzi & Rudloff PC

       By:  *[signature]*

           Charles J. Rocco

cc:  Brendan Hogan (Pillsbury)
    Wayne Glaubinger
    John Mezzacappa