UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY,<br><br>       Plaintiff,<br><br>v.<br><br>ACE American Insurance Company, Starr Technical Risks Agency, Inc., Westport Insurance Corporation, AIG Specialty Insurance Company, & General Security Indemnity Company of Arizona,<br><br>       Defendants. | Civil Action No.: 2:21-cv-1034-BHH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
STARR TECHNICAL RISKS AGENCY, INC'S
MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL BACKGROUND.......................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 1

LEGAL STANDARD.............................................................................................................. 3

ARGUMENT........................................................................................................................... 4

    A.   Starr, a Non-party to the Policy, Cannot be Liable for its Breach ..................................... 5

    B.   Starr Never Manifested an Intent to be Bound by the Policy ............................................ 5

    C.   Starr Cannot Be Liable for Bad Faith ................................................................................ 6

CONCLUSION........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 3
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 3
*Bob Hammond Constr. Co., Inc. v. Banks Constr. Co.*, 440 S.E.2d 890 (S.C. Ct. App. 1994)...... 4
*Carolina Bank and Trust Co. v. St. Paul Fire and Marine Co.*, 279 S.C. 576 (Ct. App. 1983)..... 6
*DeFeo v. Blackboard Ins. Co.*, 2019 WL 3206133 (D.C.S.C., Jul. 16, 2019)................................. 4
*Hennes v. Shaw*, 725 S.E.2d 501 (S.C. Ct. App. 2012) ................................................................... 4
*Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971)............................................ 6
*Murphy v. Jefferson Pilot Comm. Co.*, 657 F. Supp. 2d 683 (D.C.S.C. 2008) ................................ 4
*Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855 (2d Cir. 1985)................................ 5
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) ................................................. 3
*Veney v. Wyche*, 293 F. 3d 726 (4th Cir. 2002) ............................................................................ 3

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 1, 3, 5

## PRELIMINARY STATEMENT

Defendant Starr Technical Risk Agency, Inc. ("Starr") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. of Civ. Pro. 12(b)(6) to dismiss Plaintiff JW Aluminum Company's ("JWA") Complaint with prejudice for failure to state a claim upon which relief can be granted. JWA's Complaint alleges breach of an insurance contract, insurance bad faith, and seeks a declaration of its rights under an insurance contract. The parties to the relevant insurance contract are JWA and ACE American Insurance Company ("ACE").[1] Starr has no contractual relationship with JWA. Rather, Starr is ACE's agent and issued the ACE Policy on ACE's behalf. Thus, Starr as a non-party to the insurance contract issued by ACE and the agent of a disclosed principal, cannot be liable for breach of the insurance contract. Therefore, Starr cannot be liable for breach of contract or the ancillary claim of bad faith. As a matter of law, JWA cannot establish its requested relief against Starr as it is not a party to the insurance contract referenced in its Complaint. Accordingly, pursuant to Fed R. Civ. Pro. 12(b)(6), the claims against Starr should be dismissed with prejudice.

## PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a summons and complaint with this Court on or about April 7, 2021 (the "Complaint"). ECF No. 1. In lieu of an Answer, Starr now files this motion to dismiss JWA's Complaint under Fed R. Civ. Pro. 12(b)(6).

## STATEMENT OF FACTS

ACE insured Plaintiff under a policy of insurance bearing Policy No. EPRN14338688,

---

[1] The Complaint also contains allegations against Westport Insurance Corporation ("Westport"), AIG Specialty Insurance Company ("AIG') and General Security Indemnity Company of Arizona ("GSINDA"). However, the allegations against Starr are tied solely to the Policy issued by ACE. As such, this Motion does not reference the allegations as against the other insurer defendants.

1

for the relevant period of December 31, 2019, to December 31, 2020 (the "Policy"). A true and correct copy of the Policy is annexed to the Declaration of Charles J. Rocco ("Rocco Dec.") as Exhibit "A". On August 4, 2020, Plaintiff's property located in Goose Creek, South Carolina sustained physical loss or damage. *See* ECF No. 1, Complaint, ¶ 1. Plaintiff submitted a claim for coverage under the Policy for the loss. *See* ECF No. 1, Complaint, ¶ 45. Plaintiff claims that Defendants, including Starr, have failed to pay them the amount due and owing under the terms of the Policy. *See* ECF No. 1, Complaint, ¶ 81. As a result, Plaintiff commenced this action: [1] seeking a declaratory judgment of its rights to coverage under the policies issued by insurers; [2] alleging breach of the insurance contracts issued by the insurer defendants, including ACE; and [3] alleging bad faith against ACE, Starr and GSINDA. *See* ECF No. 1, Complaint, ¶¶ 85, 88, 90, 95, 97-102.

Starr has no contractual relationship with JWA. ACE uses *Starr Technical Risks Agency*, Inc., as its *agent* when insuring certain *technical risks*. ACE authorized Starr to issue and underwrite the Policy, and to process claims made under the Policy, on ACE's behalf.[2] Starr issued the Policy to JWA as ACE's agent and on ACE's behalf, and ACE has accepted full responsibility for the Policy. *See* ECF No. 1, Complaint, ¶¶ 8-9. In fact, the Complaint states that "ACE agreed to *indemnify* JWA for 45% of the amounts recoverable under the All-Risk Policy issued to JWA under Policy No. EPRN14338688." ECF No. 1, Complaint, ¶ 8 (emphases added). The Complaint states that "Starr issued and administered Policy No. EPRN14338688 in conjunction with ACE." ECF No. 1, Complaint, ¶ 9. Unlike the allegations against ACE, the Complaint does not allege that Starr agreed to indemnify JWA. Moreover, the Policy itself clearly establishes that ACE is the only insuring entity that entered into a contractual relationship with JWA under the Policy for

---

[2] See Rocco Dec., Ex. A, Signature Page of the Policy (pg. 85 of 97) and Starr's Important Notice to Brokers/Agents (pg. 97 of 97).

its participating 45%. *See* Rocco Dec., Ex. A, pg. 8 of 97 (*Participation Page of Policy*). In fact, the Signature Page to the Policy clearly states that the only contracting party with JWA is ACE, wherein it states that "[b]y signing and delivering the policy to you, we state that it is a valid contract." *See* Rocco Dec., Ex. A, pg. 85 of 97. Starr is not listed on the Signature Page. JWA named Starr as a defendant knowing full well that Starr is not a party to any of the insurance contracts incorporated by reference into the Complaint.

## **LEGAL STANDARD**

Plaintiffs' Complaint against Starr should be dismissed because Plaintiffs failed to state a plausible claim against Starr. A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not assert 'detailed factual allegations'; however, it must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555 (citations omitted). Here, even accepting the allegations of the Complaint in Plaintiff's favor, Plaintiff fails to state a claim for relief against Starr that is plausible on its face.

Further, when the allegations are contradicted by exhibits to the complaint or incorporated by reference in the complaint, the court need not accept the allegations contained in the complaint as true. *See Veney v. Wyche*, 293 F. 3d 726, 730 (4th Cir. 2002) (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). As such, the ACE Policy can be considered in deciding this motion because it is incorporated by reference in, and integral to, the

Complaint. *See, e.g.,* ECF No. 1, Complaint, ¶¶ 8-9, 38 – 45, 53, 54-99, 103. Accordingly, any allegations in the Complaint that contradict the Policy should not be accepted as true. As will be shown below, Starr's motion to dismiss should be granted because Starr cannot be liable for any cause of action alleged in Plaintiff's Complaint.

## ARGUMENT

There are no circumstances under which Starr could be liable for Plaintiff's claims. Plaintiff's Complaint: [1] seeks a declaratory judgment of its rights to coverage under the policies issued by insurers; [2] alleges breach of the insurance contracts issued by the insurer defendants, including ACE; and [3] alleges bad faith against ACE, Starr and GSINDA. *See* ECF 1, Complaint, ¶¶ 85, 88, 90, 95, 97-102. Starr cannot be liable for these breach of contract claims because Starr has no contractual relationship with Plaintiff. In order "'[t]o bring a claim for breach of contract under South Carolina law, a plaintiff must show: 1) a binding contract; 2) the contract was breached; and 3) the breach led to damages. *Hennes v. Shaw*, 725 S.E.2d 501, 506 (S.C. Ct. App. 2012). "Only parties to a contract may be sued for a breach of contract cause of action." *Murphy v. Jefferson Pilot Comm. Co.*, 657 F. Supp. 2d 683, 693 (D.C.S.C. 2008); *see also Bob Hammond Constr. Co., Inc. v. Banks Constr. Co.*, 440 S.E.2d 890, 891 (S.C. Ct. App. 1994). "Generally, one not in privity of contract with another cannot maintain an action against him in breach of contract, and any damage resulting from the breach of a contract between the defendant and a third party is not, as such, recoverable by the plaintiff." *DeFeo v. Blackboard Ins. Co.*, 2019 WL 3206133 (D.C.S.C., Jul. 16, 2019).

JWA's complaint must fail because it lacks the necessary elements to advance a breach of contract claim when Starr is a mere agent of a disclosed principal without privity of contract. Although Plaintiff has sued Starr for breach of the insurance contract, it cannot be disputed that

the contract is between JWA and ACE. As such, Starr has no contractual relationship with the JWA. Starr is simply ACE's agent for issuing and underwriting the Policy, and for processing claims made under the Policy. Because Starr is not a party to the insurance contract, Starr cannot be liable for its breach. Further, Plaintiffs fail to allege any facts showing that Starr manifested an intent to assume ACE's obligation under the Policy. Accordingly, Starr cannot be liable for breach of the insurance contract. For the same reasons, it cannot be liable for insurance bad faith. Accordingly, pursuant to Fed R. Civ. Pro. 12(b)(6), the claims against Starr should be dismissed with prejudice.

### A. Starr, a Non-party to the Policy, Cannot be Liable for its Breach

Starr, as a nonparty to the insurance contract, cannot be liable for its breach. Starr cannot be liable for these breach of contract claims because Starr has no contractual relationship with JWA. It is clear from the face of the Policy that ACE alone agreed to insure JWA's property. The Declarations page is emblazoned in the upper-left corner with the name of "ACE American Insurance Company," along with ACE's address. *See* Rocco Dec., Ex. A, pg. 1 of 97. Further, the Policy's Signature Page lists ACE as the contracting party, not Starr. *See* Rocco Dec., Ex. A, pg. 85 of 97. Finally, in the Complaint, Plaintiff clearly acknowledges that only ACE, not Starr, agreed to indemnify Plaintiff under the Policy for amounts recoverable under the Policy. See ECF No. 1, Complaint, ¶¶ 8-9. In fact, the Complaint is void of any allegations that Starr agreed to indemnify Plaintiff under any insurance contract. Therefore, Starr's Motion to Dismiss should be granted and the claims against Starr in JWA's Complaint should be dismissed with prejudice.

### B. Starr Never Manifested an Intent to be Bound by the Policy

As discussed, Starr acted as ACE's agent and never manifested an intent to be bound by the Policy. "When an agent makes a contract for a disclosed principal, it becomes neither a party

to the contract nor liable for the performance of the contract." *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985) (citing RESTATEMENT (SECOND) OF AGENCY §§ 320, 328). "Accordingly, it is not liable if the contract is breached." *Id.* (citing *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 808 (2d Cir. 1971)). It is undisputed that Starr was ACE's agent, and there is no clear and explicit evidence that Starr intended to substitute its personal liability for that of ACE. *See generally* Ex. A to Rocco Dec. In fact, the Complaint is void of any allegations that Starr intended to substitute its personal liability for that of ACE. It is clear that Plaintiffs were well aware of Starr's role as agent of ACE. Toward that end, in the endorsement to the Policy titled "SIGNATURES," ACE agreed, "By signing and delivering the policy to you, we state that it is a valid contract." *See* Rocco Dec., Ex. A, pg. 85 of 97. Notably, it lists ACE, not Starr, as the contracting party. As such, Plaintiff cannot state a plausible claim against Starr with regard to both the Declaratory Judgment Count (Count 1) and Breach of Contract counts (Count 2). Therefore, Starr's Motion to Dismiss should be granted and the claims against Starr in JWA's Complaint should be dismissed with prejudice.

  **C.**   **Starr Cannot Be Liable for Bad Faith**

Finally, under South Carolina law, the duty of good faith arising under a contract does not extend to a person who is not a party to the insurance contract. In *Carolina Bank and Trust Co. v. St. Paul Fire and Marine Co.*, the court held that plaintiffs could not bring a bad faith claim against an independent adjusting company. 279 S.C. 576 (Ct. App. 1983). Where agents are not parties to the insurance contract, an implied duty of good faith and fair dealing does not exist between them and the insured.

Count 3 of the Complaint titled Insurance Bad Faith alleges that "implied in every insurance contract made in South Carolina is a covenant of good faith and fair dealing." See ECF

6

No. 1, Complaint, ¶ 97. It further alleges, in relevant part, that ACE and Starr breached the implied covenant of good faith and fair dealing with regard to the Policy. See ECF No. 1, Complaint, ¶ 99. Yet, because Starr was not a party to the ACE Policy, Starr cannot be held liable for bad faith with regard to the Policy. As such, Starr's Motion to Dismiss should be granted and JWA's Complaint against Starr should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Starr respectfully requests that the Court grant Starr's Motion to Dismiss JWA's Complaint against Starr with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: June 24, 2021
       Charleston, SC

Respectfully submitted,

By: s/Brian C. Duffy
Brian C. Duffy, Fed Bar. No. 9491
J. Rutledge Young, Jr., Fed. Bar No. 4432
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, South Carolina 29401
(843) 720-2044 (phone)
(843) 720-2047 (fax)
bduffy@duffyandyoung.com
jry@duffyandyoung.com

*Attorneys for Defendants Ace American Insurance Company, Starr Technical Risks Agency, Inc., Westport Insurance Corporation and General Security Indemnity Company of Arizona*

7