# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, STARR TECHNICAL RISKS AGENCY, INC., WESTPORT INSURANCE CORPORATION, AIG SPECIALTY INSURANCE COMPANY, and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br><br>                    Defendants. | Case No. 2:21-cv-1034-BHH<br><br>**DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S ANSWER** |

Defendant, AIG Specialty Insurance Company ("AIG Specialty" or "Defendant") in response to the Complaint filed by Plaintiff JW Aluminum Company ("JWA"), answers and responds to the paragraphs of the Complaint as enumerated as follows:

1. Admitted in part. Admitted that a JWA made a claim for a loss event at its aluminum smelting and production facilities in Goose Creek, South Carolina that occurred on or about August 4, 2020. The remainder of the allegations in paragraph 1 are denied.

2. Denied. By way of further response, AIG Specialty timely issued payment for its quota share of any undisputed amounts owed and payable to JWA under Policy No. 18257132, effective December 31, 2019 to December 31, 2020 ("AIG Policy").

3. Denied.

4. Denied. By way of further response, AIG Specialty timely issued payment for its quota share of any amounts owed and payable to JWA under the AIG Policy.

5. Admitted in part. Admitted that the AIG Policy provides specified coverage to JWA pursuant to its provisions and limitations and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in this paragraph are denied.

6. Denied.

7. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

8. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

9. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

10. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

11. Admitted in part. Admitted that AIG Specialty is an Illinois corporation with its principal place of business in New York. It is further admitted that AIG Specialty issued the AIG Policy and AIG Specialty respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 11 are denied.

12. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

13. Denied as a conclusion of law to which no response is required, but AIG Specialty does not dispute the District Court has subject matter jurisdiction to hear this matter.

14. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

15. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

16. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

17. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

18. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

19. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

20. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted in part. Admitted that molten aluminum material "popped" or was physically expelled from the aluminum drain mold during the transfer operation. The remainder of the allegations in paragraph 29 are denied.

30. Denied.

31. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

32. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

33. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

34. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

35. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

36. Denied.

37. Denied.

38. Admitted in part. Admitted that all policy premiums due under the AIG Policy were paid. The remainder of the allegations in paragraph 38 are denied.

39. Admitted in part. Admitted that the AIG Policy is a quota share insurance policy. The remainder of the allegations in paragraph 39 are denied.

40. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 40 are denied.

41. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 41 are denied.

42. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 42 are denied.

43. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 43 are denied.

44. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 44 are denied.

45. Admitted in part. Admitted that the first notice of loss on behalf of the Plaintiff was received on August 11, 2020. The remainder of the allegations in paragraph 45 are denied.

46. Admitted in part. Admitted that AIG Specialty joined in the engagement of Sedgewick Senior General Adjuster Brian Bennett to assist with its investigation. The remainder of the allegations in paragraph 46 are denied.

47. Admitted in part. Admitted that representatives from Sedgwick and Engineering Design & Testing Corp inspected the Plaintiffs loss on multiple occasions. The remainder of the allegations in paragraph 47 are denied.

48. Admitted in part. Admitted Plaintiff submitted documentation in support of its claim to Sedgwick. The remainder of the allegations in paragraph 48 are denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted in part. Admitted Plaintiff submitted updated documentation in support of its claim to Sedgwick on March 18, 2021. The remainder of the allegations in this paragraph are denied.

53. Denied.

54. Denied. To the contrary, AIG Specialty has issued all payments due and owing the Plaintiff under the AIG Policy.

55. Admitted in part. Admitted that the Molten Material Endorsement applies to JWA's claim and limits the liability of AIG Specialty to its quota share portion of the applicable $10,000,000 limit of liability per occurrence. The remainder of the allegations in paragraph 55 are denied.

56. Denied.

57. Admitted in part. Admitted that AIG Specialty issued correspondence dated December 29, 2020, which explained the basis and calculation of AIG Specialty's payment to the Plaintiff. The remainder of the allegations in paragraph 57 are denied.

58. Admitted in part. Admitted that AIG Specialty's counsel issued correspondence dated January 11, 2021, which reiterated and explained the basis of AIG Specialty's payment to the Plaintiff. The remainder of the allegations in paragraph 58 are denied.

59. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

60. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

61. Denied.

62. Denied.

63. Admitted in part. Admitted that molten aluminum material was physically expelled from the aluminum drain mold during the transfer operation. The remainder of the allegations in paragraph 63 are denied.

64. Denied.

65. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

66. Admitted in part. Admitted that JWA requested an advance and that the insurers responded. The remainder of the allegations in paragraph 66 are denied.

67. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

68. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

69. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

70. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

71. Defendant lacks sufficient knowledge or information upon which to form an opinion or belief as to the allegations of this paragraph, and therefore denies the same, demanding proof thereof.

72. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

73. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

74. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

75. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

76. Admitted in part. Admitted that AIG Specialty issued the AIG Policy and AIG Specialty respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 76 are denied.

77. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

78. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

79. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

80. In response to paragraph 80, AIG Specialty incorporates and realleges its responses to paragraphs 1 through 79 inclusive as if set forth in full herein.

81. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied. By way of further response, AIG Specialty has paid all sums due and owing the Plaintiff under the AIG Policy.

86. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

87. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

88. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

89. AIG Specialty incorporates its responses to paragraphs 1 through 88 inclusive as if set forth in full herein.

90. Admitted in part. Admitted that AIG Specialty issued the AIG Policy which is a valid, enforceable contract of insurance, and AIG Specialty respectfully begs leave to refer to the original for all of its content. The remainder of the allegations in paragraph 90 are denied.

91. Admitted in part. Admitted that all policy premiums due under the AIG Policy were paid. The remainder of the allegations in this paragraph are denied.

92. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied. By way of further response, AIG Specialty has paid all sums due and owing the Plaintiff under the AIG Policy.

93. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

94. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied. By way of further response, AIG Specialty has paid all sums due and owing the Plaintiff under the AIG Policy.

95. Denied as a conclusion of law to which no response is required. To the extent any factual averments are contained in the paragraph, they are denied.

96. In response to paragraph 96, AIG Specialty incorporates and realleges its responses to paragraphs 1 through 95 inclusive as if set forth in full herein.

97. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

98. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

99. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

100. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

101. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

102. This allegation is not directed to AIG Specialty, and as such, no response is required. To the extent this paragraph contains allegations directed at AIG Specialty, they are denied.

103. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

104. The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

105. Plaintiff has not satisfied the $1,000,000 per occurrence property damage deductible as set forth in the AIG Policy.

### THIRD AFFIRMATIVE DEFENSE

106. Plaintiff has not satisfied the $826,000 per occurrence time element deductible as set forth in the AIG Policy.

### FOURTH AFFIRMATIVE DEFENSE

107. Plaintiff did not sustain any damages which are covered under the AIG Policy beyond the amounts already adjusted and paid by AIG Specialty.

### FIFTH AFFIRMATIVE DEFENSE

108. Plaintiff's claims are barred because there has not been full compliance with all of the terms of the AIG Policy prior to the filing of a lawsuit as required by the AIG Policy.

### SIXTH AFFIRMATIVE DEFENSE

109. Plaintiff failed to comply with the Standard Property Conditions as set forth in Endorsement #011 of the AIG Policy which bars any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

110. The AIG Policy provides as follows:

### ENDORSEMENT – MOLTEN MATERIAL

It Is hereby understood and agreed this policy does insure against direct physical loss or damage cause [sic] by heat from Molten Material, which has been accidentally discharged from equipment, subject to a limit of $10,000,000 per occurrence. This policy does not Insured against the following types of loss or damage.

1. Loss or damage to such discharged material unless caused by a peril not otherwise excluded.

2. The cost of repairing any fault which permitted such accidental discharge unless caused by a peril not otherwise excluded.

111. By reason of the foregoing endorsement, Plaintiff's claims are subject to a per occurrence limit of liability of $10,000,000.

112. AIG Specialty has fully paid its quota share portion of $10,000,000.

113. By reason of the payment made by AIG Specialty, it has fully satisfied its obligations and the Complaint should be dismissed in all respects as to AIG Specialty.

## EIGHTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are subject to a percentage participation as specified in the participation page of the AIG Policy and therefore recovery, if any, in the case of AIG Specialty is limited to 15% of any covered loss.

## NINTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred in whole or part by the exclusions set forth at Section II, D. Other Exclusions, paragraph 1, subparagraphs a, b, and c, which provides as follows:

**D. Other Exclusions**

1. This policy does not Insure loss or damage caused by or resulting from any of the following, regardless of any other cause or event that contributes concurrently or in any other sequence to the loss or damage:

    a. Indirect or remote loss or damage.

    b. Delay or loss of market; penalties for noncompletion of, or delay in completion of, any contract or noncompliance with any contract conditions; fines, penalties or punitive damages; or any costs incurred to eliminate or reduce any of the foregoing.

    c. Interruption of business or other Time Element losses, unless specifically endorsed hereon.

### **TENTH AFFIRMATIVE DEFENSE**

116. Plaintiff's claims for business interruption are barred in whole or part by the exclusions set forth at Endorsement – Business Interruption Actual Loss Sustained, Paragraph B. Exclusions, subparagraphs 1, 4, and 5, which provides as follows:

**B. EXCLUSIONS**

The Company shall not be liable for any Actual Loss Sustained:

1. For any time during which business would not, or could not, have been conducted had direct physical loss or damage to the Premises Described In the Declarations, as insured against hereunder, not occurred.

    * * * *

4. Resulting from loss or damages for breach of contract or for late or noncompletion of orders.
5. Resulting from the suspension, cancellation or lapse of any contract, license, lease or order except that the Company will be liable under this endorsement for only such loss as affects the Insured's earnings during, and limited to, the Period of Interruption covered under this endorsement.

## ELEVENTH AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred by accord and satisfaction.

## TWELFTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred by estoppel and waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

119. Plaintiff's claims are limited by the terms, limits, sublimits and deductibles of the AIG Policy.

WHEREFORE, Defendant, AIG Specialty Insurance Company prays for the following relief:

(a) A dismissal from this Honorable Court of Plaintiff's claims in its entirety, with prejudice;

(b) A declaration from this Honorable Court that AIG Specialty Insurance Company is not contractually obligated to make any further payments to the Plaintiff;

(c) An award of AIG Specialty Insurance Company's attorneys' fees and costs related to this instant action;

(d) Any other relief this court deems just and proper under the circumstances.

*(Signature to follow)*

**GALLIVAN, WHITE & BOYD P.A.**

s/John E. Cuttino
John E. Cuttino (Fed ID 394)
1201 Main Street, Suite 1200
PO Box 7368
Columbia, SC 29201
jcuttino@gwblawfirm.com
(803) 724-1714

and

**MOUND, COTTON, WOLLAN & GREENGRASS, LLP**

Wayne R. Glaubinger, Esq.
John Mezzacappa, Esq.
One New York Plaza
New York, NY  10004
(212) 804-4200
(Admitted Pro Hac Vice)

*Attorneys for Defendant*
*AIG Specialty Insurance Company*