UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY,<br><br>                  Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, STARR TECHNICAL RISKS AGENCY, INC., WESTPORT INSURANCE CORPORATION, AIG SPECIALTY INSURANCE COMPANY, and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,<br><br>                  Defendants. | Case No. 2:21-cv-1034-BHH<br><br>**DEFENDANT AIG SPECIALTY INSURANCE COMPANY'S LOCAL RULE 26.01 INTERROGATORY RESPONSES** |

Defendant, AIG Specialty Insurance Company ("AIG Specialty") files its Local Rule 26.001 Interrogatory responses as follows:

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**RESPONSE:**

AIG Specialty holds a subrogation interest in any amounts paid out under Commercial Property Policy No. 18257132, issued to JW Aluminum Company, effective December 31, 2019 to December 31, 2020, insuring a 15% quota share or $37,500,000 part of $250,000,000, subject to all of the terms, limitations, conditions and exclusions contained therein ("AIG Specialty Policy").

AIG Specialty Insurance Company
175 Water Street 18th Floor
New York, New York 10038
(877) 873-9972

Upon information and belief, and each of the other Defendants has a similar subrogation right pursuant to the terms of their respective policy. AIG Specialty does not have information regarding the other Defendants contact information.

(B)   As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE:**

Plaintiff has demanded a jury trial. AIG Specialty does not dispute this demand and joins in the request as a matter of right under applicable law.

(C)   State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**RESPONSE:**

AIG Specialty Insurance Company is a direct, wholly-owned (100%) subsidiary of AIG Property Casualty U.S., Inc., which is a wholly-owned (100%) subsidiary of AIG Property Casualty Inc., which is a wholly-owned (100%) subsidiary of American International Group, Inc., which is a publicly-held corporation.

(D)   State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**RESPONSE:**

AIG Specialty does not challenge the appropriateness of the division, and upon information and belief, believe it to be correct.

(E)   Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:**

AIG Specialty is not aware of any other related action filed in this District.

(F)  [Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE:**

AIG Specialty is correctly identified.

(G)  [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**RESPONSE:**

No other party is liable to AIG Specialty in whole or part for its contractual obligations due under the AIG Specialty Policy.

To the extent that Plaintiff establishes it is entitled to coverage beyond what has already been determined by AIG Specialty, any additional amount owed by AIG Specialty would be based on its quota share of 15% as provided by the AIG Specialty Policy, less an offset for amounts already paid thereunder. Any other such amounts due and owing to the Plaintiffs would come from the other Defendants' policies based upon the respective quota share assigned thereunder.

*(Signature to follow)*

**GALLIVAN, WHITE & BOYD P.A.**

s/John E. Cuttino
John E. Cuttino (Fed ID 394)
1201 Main Street, Suite 1200
PO Box 7368
Columbia, SC 29201
jcuttino@gwblawfirm.com
(803) 724-1714

and

**MOUND, COTTON, WOLLAN & GREENGRASS, LLP**

Wayne R. Glaubinger, Esq.
John Mezzacappa, Esq.
One New York Plaza
New York, NY 10004
(212) 804-4200
(Admitted Pro Hac Vice)

*Attorneys for Defendant*
*AIG Specialty Insurance Company*