UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JW ALUMINUM COMPANY,<br><br>                      Plaintiff,<br><br>v.<br><br>ACE American Insurance Company, Starr Technical Risks Agency, Inc., Westport Insurance Corporation, AIG Specialty Insurance Company, & General Security Indemnity Company of Arizona,<br><br>                      Defendants. | Civil Action No.: 2:21-cv-1034-BHH |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
INSURERS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6) OR, IN
THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL PLAINTIFF TO
SUBMIT TO EXAMINATION UNDER OATH**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE JWA DID NOT SATISFY THE POLICIES' CONDITION PRECEDENT TO FILING A LAWSUIT ........................ 3

        A.    Insurers' Motion is Supported by Proper Evidence ......................................................... 3

        B.    The Complaint Should be Dismissed Because JWA Breached A Condition Precedent to Filing a Lawsuit ........................................................................................ 6

        C.    While Insurers Need Not Show Prejudice to Prevail, JWA's Refusal to Submit to EUO Has Prejudiced Insurers' Adjustment ................................................................ 9

    II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THE PROCEEDINGS AND COMPEL PLAINTIFF TO APPEAR FOR AN EUO ............................................... 9

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*,
    367 F.3d 212, 234 (4th Cir. 2004) ................................................................................... 4

*Arico v. Progressive Cas. Ins. Co.*,
    No. SACV 10-229 DOC, 2010 WL 11595824 (C.D. Cal. May 20, 2010) .............................. 10

*Blankenship v. Manchin*,
    471 F.3d 523, 526 (4th Cir. 2006) ................................................................................... 4

*Brazell v. Windsor*,
    384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) ........................................................ 4

*Crook v. State Farm Mut. Auto. Ins. Co.*,
    235 S.C. 452, 456, 112 S.E.2d 241, 243 (1960) ........................................................ 8

*El-Ad Nob Hill Condominium Association, Inc. v. Mt. Hawley Ins. Co.*,
    No. 11-61301-CIVMARRA, 2012 WL 13005800 (S.D. Fla. March 6, 2012) ......................... 10

*In re Burlington Coat Factory Securities Litigation*,
    114 F.3d 1410, 1426 (3d Cir. 1997) ............................................................................... 4

*In re Foremost Cty. Mut. Ins. Co.*,
    172 S.W.3d 128, 136 (Tex. App. 2005) ......................................................................... 10

*Parrino v. FHP, Inc.*,
    146 F.3d 699, 705-06 (9th Cir. 1998) ............................................................................. 4

*Phillips v. LCI Int'l, Inc.*,
    190 F.3d 609, 618 (4th Cir. 1999) ................................................................................... 3

*Puckett v. State Farm Gen. Ins. Co.*,
    314 S.C. 371, 373, 444 S.E.2d 523, 524 (1994) ........................................................ 8

*Roberts v. American General Property Ins. Co.*,
    81 F.3d 151 (Table), 1996 WL 157734, at * 2-3 (4th Cir. 1996) .............................. 8

*Thomas v. Windsor-Mount Joy Mut. Ins. Co.*,
    No. 2:08CV249, 2008 WL 11383487, at *3 (E.D. Va. Aug. 6, 2008) ..................... 10

*U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*,
    No. EP-08-CV-347-DB, 2008 WL 5351847, at *3 (W.D. Tex. Nov. 6, 2008) ........................ 10

*Wilson v. First Class Patrol Officers Michael Slager*,
  No. 2:15-CV-02170-DCN, 2016 WL 1253179, at *3 (D.S.C. Mar. 31, 2016) ........................ 11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 1, 9, 11

**Other Authorities**

Steven Plitt, Daniel Maldonado, Joshua D. Rogers, and Jordan R. Plitt,
  *Purpose; generally*, 13A COUCH ON INS. § 196:3 (3d ed. June 2021).................................. 9, 11

**PRELIMINARY STATEMENT**

Insurers[1] submit this reply memorandum of law in further support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, stay proceedings in this action and compel JWA to submit to an EUO. Dismissal is appropriate because JWA failed to submit to Insurers' request for an EUO. The EUO requirement is a condition precedent to filing this lawsuit. As such, JWA has failed to state a claim upon which relief can be granted.

Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, stay proceedings in this action and compel JWA to submit to an EUO.

**STATEMENT OF FACTS**

It is Insurers' position that JWA removed the Equipment from coverage prior to the Incident. Compl. ¶ 65. JWA's intent to remove the Equipment from coverage is evidenced by the June 15, 2020 email from Marsh, JWA's insurance broker. *See* Compl. ¶ 68. In the email, Marsh advised Insurers that "JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building." Ex. D (true and correct copy of the email incorporated by reference in Compl. ¶ 68). The intent to remove the Equipment is further evidenced in the email by Marsh's calculation of the associated premium adjustment. *See id.* Based on the email, the Equipment was removed from coverage and the premiums adjusted accordingly.

After the Incident, JWA submitted an insurance claim for the Equipment it had previously removed from coverage. By letter dated September 30, 2020, Insurers reminded JWA that, by the June 15, 2020 email, the Equipment "was intended to be scrapped and removed from coverage

---

[1] Terms are given the same definitions set forth in Insurers' Motion to Dismiss (ECF No. 23). This brief is submitted by Defendants ACE AMERICAN INSURANCE COMPANY, STARR TECHNICAL RISKS AGENCY, INC. (dismissed by ECF No. 36), WESTPORT INSURANCE CORPORATION, and GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA.

1

under the Policies effective July 1, 2020." Compl. ¶ 68; *see also* Ex. E (true and correct copy of the September 30, 2020 reservation of rights letter, which is incorporated by reference in Compl. ¶¶ 67-68, 72). Insurers also requested documents concerning the Equipment and reserved their right to deny coverage "to the extent that such equipment was deleted from coverage under the Policies as of July 1, 2020." *See* Compl. ¶ 72; *see also* Ex. E. After JWA failed to provide the requested documents, Insurers "issu[ed] a further request for documents and demand for an examination under oath of JWA employees on December 30, 2020." Compl. ¶ 78; *see also* Ex. F (true and correct copy of Insurers' December 30, 2020 demand, which is incorporated by reference in Compl. ¶ 78). The demand advised, in pertinent part:

> Insurers request that JWA provide all documentation requested in the attached **Schedule "A,"** on or before **January 13, 2020**. Insurers further request that JWA thereafter appear for an EUO on **February 17, 2020**. The EUO will be conducted at a mutually convenient location and will commence at **10:00 a.m.**

Ex. F. The Policies require that, "as a condition precedent" to lawsuit, JWA must: (a) appear for an EUO; and (b) permit inspection at the examination of any documentation requested by Insurers. *See* Ex. A-C. The Policies provide, in pertinent part:

\* \* \*

  IV.  **CONDITIONS**

\* \* \*

    B.  Action Against Company

No action shall lie against the Company unless, ***as a condition precedent thereto***, the Insured shall have fully complied with all the terms of this policy, and unless commenced within twelve (12) months from the date of the Occurrence.

\* \* \*

    R.  Requirements in Case of Loss

\* \* \*

2

> The Insured, as often as may be reasonably required, shall produce for examination all books of account, bills, business records, invoices and other vouchers, or any other documents reasonably related to the procurement of this policy or to the scope and extent of the loss at such reasonable time and place as may be designated by this Company, and shall permit extracts and copies thereof to be made.
>
> The Insured, and any officer, director, or employee thereof, shall, as often as may be reasonably requested by this Company, submit to examination under oath by any person named by this Company, while not in the presence of any other Insured, about any matter relating to this insurance or to any claim, and the Insured shall sign and return the original transcript of the examination within thirty (30) days after submission to the Insured.

\* \* \*

Ex. A-C (emphasis added). It is undisputed that JWA has not appeared for an EUO. *See generally* Compl. (not alleging that JWA appeared for EUO); *see also* Opposition (same). Without the EUO, Insurers are unable to determine whether JWA is making a claim for damage to Equipment that was previously removed from coverage. As such, Insurers have neither accepted nor denied coverage for JWA's Equipment claim. Instead of submitting to an EUO and allowing Insurers to conclude the adjustment, JWA filed this lawsuit. This breach of a condition precedent to filing a lawsuit mandates dismissal.

## ARGUMENT

**I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE JWA DID NOT SATISFY THE POLICIES' CONDITION PRECEDENT TO FILING A LAWSUIT**

### A. Insurers' Motion is Supported by Proper Evidence

Insurers' Motion is supported by proper evidence. In deciding a 12(b)(6) motion, the Court can consider the complaint and any authentic documents integral thereto or expressly relied thereon. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (considering a document mentioned in the complaint "because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity"); *Blankenship v. Manchin*, 471 F.3d

3

523, 526 (4th Cir. 2006) (same). "[A]llowing a trial court to consider documents that are incorporated by reference in the complaint but not actually attached thereto prevents a plaintiff from benefiting from his own oversight or from surviving a motion to dismiss by intentionally omitting documents upon which their claims are based." *Brazell v. Windsor*, 384 S.C. 512, 516, 682 S.E.2d 824, 826 (2009) (holding that the trial court did not convert the 12(b)(6) motion into a motion for summary judgment by considering the document); *see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.' What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent." (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997); also citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (explaining the "policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." (citation omitted)))). As such, in deciding a 12(b)(6) motion, courts consider the complaint and authentic documents on which it relies.

Insurers' FRCP 12(b)(6) Motion relies only on the Complaint and integral documents incorporated by reference therein:

> *Policies (Ex. A-C)*: The Policies form the basis for all three causes of action alleged in the Complaint. Specifically, JWA asserted claims for: (1) declaratory judgment

4

declaring the parties' rights pursuant to the Policies; (2) breach of the Policies; and (3) breach of the covenant of good faith and fair dealing implicit in the Policies. *See* Compl. ¶¶ 8, 10, 12, 38-44, 80-102. As such, the Policies should be considered because they are integral to and explicitly relied on in the Complaint.

*June 15, 2020 Email from Marsh (Ex. D)*: The Complaint states that Insurers "understood that JWA had 'removed' the Cast House Equipment from coverage." Compl. ¶ 65. It further states that this understanding is "based on a misquotation of an email from JWA's insurance broker," Marsh. Compl. ¶ 68. Because the Complaint alleged that Insurers misquoted the email, it was proper to consider the email itself. Accordingly, this email should be considered because it is integral to and explicitly relied on in the Complaint.

*September 30, 2020 Reservation of Rights Letter (Ex. E)*: The Complaint states that Insurers "sent JWA a letter . . . asserting a 'complete reservation of rights.'" Compl. ¶ 67 (quoting the letter and advising that it would be thereafter referred to as the "Reservation of Rights Letter"). Moreover, the Complaint continues to quote and paraphrase the substance of the letter. *See* Compl. ¶¶ 67-68, 72. As such, this letter should be considered because it is integral to and explicitly relied on in the Complaint.

*December 30, 2020 EUO Demand (Ex. F)*: The Complaint states that Insurers "issu[ed] a further request for documents and demand for an examination under oath of JWA employees on December 30, 2020." Compl. ¶ 78. As such, the December 30, 2020 EUO demand should be considered because it is integral to and explicitly relied on in the Complaint. Even if the EUO demand were not considered, same is not necessary to grant dismissal. In the Complaint, JWA admitted that Insurers issued a demand for EUO.

5

Compl. ¶ 78. The Policies require compliance with same as a condition precedent to coverage. Ex. A-C. JWA's Complaint (and its Opposition to the instant Motion) fail to assert that JWA appeared for EUO. As such, the Complaint should be dismissed.

Moreover, JWA has not disputed the authenticity of any of these documents. As such, the foregoing documents should be considered in deciding a FRCP 12(b)(6) motion without converting it to a motion for summary judgment.

### B. The Complaint Should be Dismissed Because JWA Breached A Condition Precedent to Filing a Lawsuit

The Complaint should be dismissed because JWA breached a condition precedent to filing a lawsuit. The Policies provide that, "as a condition precedent" to lawsuit, JWA must: (a) appear for an EUO; and (b) permit inspection at the examination of any documentation requested by Insurers. *See* Ex. A-C. The Policies provide in relevant part:

\* \* \*

**IV. CONDITIONS**

\* \* \*

B. Action Against Company

No action shall lie against the Company unless, ***as a condition precedent thereto***, the Insured shall have fully complied with all the terms of this policy, and unless commenced within twelve (12) months from the date of the Occurrence.

\* \* \*

R. Requirements in Case of Loss

\* \* \*

The Insured, as often as may be reasonably required, shall produce for examination all books of account, bills, business records, invoices and other vouchers, or any other documents reasonably related to the procurement of this policy or to the scope and extent of the loss at such reasonable time and place as may be designated by this Company, and shall permit extracts and copies thereof to be made.

6

> The Insured, and any officer, director, or employee thereof, shall, as often as may be reasonably requested by this Company, submit to examination under oath by any person named by this Company, while not in the presence of any other Insured, about any matter relating to this insurance or to any claim, and the Insured shall sign and return the original transcript of the examination within thirty (30) days after submission to the Insured.

* * *

Ex. A-C (emphasis added). JWA told the Court in its Opposition that Insurers never demanded an EUO prior to JWA filing this lawsuit in April. That is simply not true. JWA, in its Complaint, admitted that Insurers "issu[ed] a further request for documents and demand for an examination under oath of JWA employees on December 30, 2020." Compl. ¶ 78; *see also* Ex. F (a true and correct copy of Insurers' December 30, 2020 demand). The EUO demand specified a date and time for the EUO and was not contingent. *See* Ex. F. Rather, the cover letter explained that "Insurers want to work with JWA as partners" to ascertain whether the Policies would provide coverage for the Equipment in light of JWA's removal of the Equipment from coverage before the Incident. *See* Ex. F. As such, the cover letter explained that if JWA provided sufficient documentation regarding its intent with regard to the Equipment, an EUO may not be necessary. *See id*. JWA failed to provide the documents.[2] It is undisputed that JWA has not appeared for an EUO. *See generally* Complaint (failing to allege that JWA appeared for EUO); *see also* Opposition (same). As such, JWA's failure to submit to an EUO breached a condition precedent to filing a lawsuit, mandating dismissal of this action.

Moreover, the EUO demand was reasonable and necessary to adjust the claim. Insurers required the EUO to determine whether JWA is making a claim for damages to Equipment that

---

[2] While JWA eventually provided 30,000 pages of largely irrelevant documents, JWA waited until March 2, 2021 to provide same. As such, JWA failed to provide them prior to January 13, 2021 (date listed in EUO demand requesting documents in advance of EUO) or February 17, 2021 (date of the EUO noticed in the demand). *See* Ex. F. Thus, even if the EUO demand were contingent, JWA failed to satisfy any contingencies. *See* Rocco Dec. ¶¶ 9-10, 13.

7

was previously removed from coverage. Further, JWA disputes the intent of the June 15, 2020 email from Marsh to Insurers stating that "[e]ffective 7/1/20, [B]oilermaker will officially be operational," and "at the same time JWA is scraping $60,000,000 of equipment at the existing Mt. Holly building." *See* Ex. D. This issue is *critical* to the investigation of JWA's claim as it directly relates to the scope and availability of coverage under the Policies. JWA admitted that Insurers explained this reasonable basis for requiring the EUO on multiple occasions. *See* Complaint ¶¶ 68, 72, 78. As such, Insurers had a reasonable basis for requiring the EUO.

Finally, Insurers need not show prejudice to prevail. The cases relied upon by JWA are distinguishable because the policies at issue in those cases did not specify that the condition was a "condition precedent" to lawsuit. *See, e.g.*, *Puckett v. State Farm Gen. Ins. Co.*, 314 S.C. 371, 373, 444 S.E.2d 523, 524 (1994) (refusing to construe policy's EUO requirement as a condition precedent to bringing suit where the policy failed to mention that same was a "condition precedent"); *Crook v. State Farm Mut. Auto. Ins. Co.*, 235 S.C. 452, 456, 112 S.E.2d 241, 243 (1960) (liability policy failed to mention that cooperation clause is a "condition precedent" to lawsuit); *Roberts v. American General Property Ins. Co.*, 81 F.3d 151 (Table), 1996 WL 157734, at * 2-3 (4th Cir. 1996) (policy failed to mention that conditions are "conditions precedent" to lawsuit). Here, JWA's Policies specifically provide that compliance is "a condition precedent" to legal action against Insurers. *See supra* p. 2-3; Ex. A-C ("No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, and unless commenced within twelve (12) months from the date of the Occurrence."). Accordingly, Insurers need not show prejudice to prevail.

### C. While Insurers Need Not Show Prejudice to Prevail, JWA's Refusal to Submit to EUO Has Prejudiced Insurers' Adjustment

While Insurers need not show prejudice to prevail, JWA's refusal to submit to an EUO has significantly prejudiced Insurers' adjustment of the claim. The EUO requirement is "designed to make available to the insurer additional information from which to determine whether the claim is a just one which should be paid, to assist in the evaluation of a claim and protect against false claims, so that the insurer can decide whether to pay the claim without the necessity of litigation." Steven Plitt, Daniel Maldonado, Joshua D. Rogers, and Jordan R. Plitt, *Purpose; generally*, 13A COUCH ON INS. § 196:3 (3d ed. June 2021). As set forth above, the EUO is required to determine whether JWA is making a claim for damages to Equipment that was previously removed from coverage. This critical issue was not clarified upon examination of the documents provided by JWA to Insurers as JWA failed to provide all communications between JWA and Marsh. JWA's refusal to submit to EUO prejudiced Insurers by depriving them of their right to investigate the claim and decide whether to pay the claim without the necessity of litigation. Accordingly, the Complaint should be dismissed for failure to comply with condition precedent to litigation or, in the alternative, stayed pending JWA's satisfaction of the EUO requirement.

Wherefore, Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12(b)(6).

### II. IN THE ALTERNATIVE, THE COURT SHOULD STAY THE PROCEEDINGS AND COMPEL PLAINTIFF TO APPEAR FOR AN EUO

As discussed in Section I, *supra*, JWA's claims are barred because JWA willfully refused to provide documents and appear for an EUO. In the alternative, Insurers respectfully request the Court to stay the proceedings and compel JWA to appear for an EUO (including production of the

outstanding documents necessary to conduct the EUO). This will allow Insurers the opportunity to obtain the critical information they need to continue the investigation of JWA's claim.

This lawsuit should be stayed or held in abeyance pending JWA's compliance with the EUO requirement. The Policies provide that, as a condition precedent to filing a lawsuit, JWA must comply with the EUO requirement. *See supra* p. 2-3; Ex. A-C. "When a party refuses to sit for an EUO, a court may stay the case until the examination is completed." *U.S. Pecan Trading Co. v. Gen. Ins. Co. of Am.*, No. EP-08-CV-347-DB, 2008 WL 5351847, at *3 (W.D. Tex. Nov. 6, 2008) (citing *In re Foremost Cty. Mut. Ins. Co.*, 172 S.W.3d 128, 136 (Tex. App. 2005) (reversing lower court's denial of abatement because same was "important to preserve the insurer's contractual right to obtain an EUO prior to suit")). As such, this lawsuit should be stayed until JWA submits to an EUO. All of the cases cited by JWA are distinguishable because the policy language did not state that the applicable condition was a "condition precedent" to lawsuit. *See Arico v. Progressive Cas. Ins. Co.*, No. SACV 10-229 DOC, 2010 WL 11595824 (C.D. Cal. May 20, 2010) (policy failed to mention that conditions are "conditions precedent" to lawsuit); *El-Ad Nob Hill Condominium Association, Inc. v. Mt. Hawley Ins. Co.*, No. 11-61301-CIVMARRA, 2012 WL 13005800 (S.D. Fla. March 6, 2012) (same); *Thomas v. Windsor-Mount Joy Mut. Ins. Co.*, No. 2:08CV249, 2008 WL 11383487, at *3 (E.D. Va. Aug. 6, 2008) (same). Here, the Policies specify that JWA must submit to an EUO "as a condition precedent" to filing a lawsuit. *See supra* p. 2-3; Ex. A-C. As such, this lawsuit should be stayed until JWA has complied with the Policies' condition precedent.

While Insurers need not show good cause,[3] Insurers have shown good cause to stay this lawsuit. The EUO requirement is "designed to make available to the insurer additional information

---

[3] Insurers seek a stay or abatement of the proceedings pending JWA's compliance with the condition precedent. This differs from a motion for a protective order staying discovery pursuant to FRCP 26(c). *See Wilson v. First Class*

10

from which to determine whether the claim is a just one which should be paid, to assist in the evaluation of a claim and protect against false claims, so that the insurer can decide whether to pay the claim without the necessity of litigation." Steven Plitt, Daniel Maldonado, Joshua D. Rogers, and Jordan R. Plitt, *Purpose; generally*, 13A COUCH ON INS. § 196:3 (3d ed. June 2021). JWA's failure to submit to EUO prejudiced Insurers by depriving them of their right to investigate the claim and decide whether to pay the claim without the necessity of litigation. Accordingly, Insurers have shown good cause for a stay of this lawsuit pending JWA's compliance with the EUO requirement.

Finally, to effectively conduct the EUO, Insurers need to obtain communications between Marsh and JWA. As such, Insurers request that the Court permit issuance of a non-party subpoena on Marsh. This will allow Insurers to obtain Marsh's file and communications with JWA regarding the request for change in coverage prior to conducting the EUO. *See* Rocco Dec. ¶ 6; Ex. D. Insurers already requested this information from JWA during the adjustment, and JWA failed to provide same. Moreover, this limited discovery would streamline issues for the EUO. Accordingly, it would be appropriate to stay proceedings in the instant action, compel JWA to appear for an EUO, and allow the Marsh subpoena.

Wherefore, Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12 (b)(6) or, in the alternative, stay proceedings in the instant action and ordering JWA to appear for an EUO.

---

*Patrol Officers Michael Slager*, No. 2:15-CV-02170-DCN, 2016 WL 1253179, at *3 (D.S.C. Mar. 31, 2016) (cited in JWA's Opposition, p. 14).

11

## CONCLUSION

For the foregoing reasons, Insurers respectfully request that the Court issue an Order dismissing JWA's Complaint as per Federal Rule of Civil Procedure 12 (b)(6) or, in the alternative, staying proceedings in the instant action and ordering JWA to appear for an EUO.

Dated: August 5, 2021

                                  **DUFFY & YOUNG, LLC**

                                  By: s/Brian C. Duffy
                                  Brian C. Duffy, Fed Bar. No. 9491
                                  J. Rutledge Young, Jr., Fed. Bar No. 4432
                                  DUFFY & YOUNG, LLC
                                  96 Broad Street
                                  Charleston, South Carolina 29401
                                  (843) 720-2044 (phone)
                                  (843) 720-2047 (fax)
                                  bduffy@duffyandyoung.com
                                  jry@duffyandyoung.com

                                  **FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

                                  By: s/Charles J. Rocco
                                  Charles J. Rocco, Fed Bar. No. CR8646
                                  Dawn Brehony, Fed Bar. No. DB4343
                                  FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
                                  40 Wall Street, 54th Floor
                                  New York, NY 10005
                                  (212) 257-7100 (phone)
                                  (212) 257-7199 (fax)
                                  crocco@fgppr.com
                                  dbrehony@fgppr.com

                                  *Attorneys for Defendants*
                                  *ACE American Insurance Company, Starr Technical Risks Agency, Inc., General Security Indemnity Company of Arizona, and Westport Insurance Corporation*