# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| JW Aluminum Company,<br><br>      Plaintiff,<br>v.<br><br>ACE American Insurance Company and General Security Indemnity Company of Arizona,<br><br>      Defendants. | Case No. 2:21-CV-01034-BHH |

## FINAL JUDGMENT AS TO GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA

On April 7, 2021, Plaintiff JW Aluminum Company ("**JWA**") brought suit against ACE American Insurance Company ("**ACE**"), General Security Indemnity Company of Arizona ("**General Security**" and together with ACE, "**Defendants**"), Westport Insurance Corporation ("**Westport**"), and AIG Specialty Insurance Company ("**AIG**") for breach of contract, bad faith, and declaratory judgment. ACE, General Security, and Westport asserted a counterclaim for reformation of the relevant insurance policies.

The parties reached a partial settlement in February 2024, resulting in the dismissal of JWA's bad faith claim and ACE, General Security, and Westport's counterclaim [ECF No. 184]. JWA voluntarily dismissed its declaratory judgment claim in June 2025, [ECF No. 221], and settled its breach of contract claims against AIG and Westport in September 2025. [ECF No. 226].

On November 12, 2025, this case was called and proceeded to trial before a ten-person jury. The Court and the jury heard evidence on the issues presented. On November 18, 2025, after a five-day trial, the jury returned a unanimous verdict finding that Defendants breached the policies and that Defendants prevented or hindered JWA from repairing, rebuilding, or replacing the

1

damaged property within two years from the date of loss, entitling JWA to the parties' agreed-upon replacement cost value ("**RCV**") of the damaged property ($32,274,670.50). [ECF No. 271] (the "**Jury Verdict**"). The jury also awarded JWA $80,712,037.00 in business interruption ("**BI**") damages for lost profits on sales of an intermediate product called "cast coil." *Id.* Before trial, the parties agreed that JWA's business interruption damages for its finished product, "pack pounds," total $7,339,461.00. Thus, the jury's total award of $112,986,707.50 plus the agreed pack pounds damages totals $120,326,168.50. After applying the applicable deductibles for both the property damages and BI damages, and after deducting the $10 million in payments previously made to JWA, JWA's BI damages total $80,153,418.00 ($72,813,957 of which is cast coil BI, and the remaining $7,339,461 being pack pounds BI) and JWA's property damages total $21,274,670.50, for a total award of $101,428,088.50.

On January 12, 2026, this Court entered an order granting in part and denying in part JWA's motion for prejudgment interest. [ECF No. 282]. On January 14, 2026, the Court entered an amended order clarifying the start date from which interest should run on certain categories of damage. [ECF No. 285]. Specifically, the Court (i) denied JWA's motion for prejudgment interest on the cast coil BI damages awarded by the jury; (ii) granted JWA's motion for prejudgment interest on Defendants' prior $9 million settlement payment for the period between May 11, 2021, and February 21, 2024; (iii) granted JWA's motion for prejudgment interest on JWA's pack pounds BI damages to begin accruing from the date of the loss, August 4, 2020, at $1,759.46 per day; and (iv) granted JWA's motion for prejudgment interest on the RCV of the damaged property in the amount of $21,274,670.50, with interest to begin accruing from May 11, 2021. With regard to all damages and prejudgment interest awarded, the Court found that Defendants are only liable

for their respective percentages based on their shares of JWA's total insurance coverage (*i.e.*, 45% for ACE and 12.5% for General Security).

Accordingly, in light of the Jury Verdict and the Court's orders on prejudgment interest, this Court enters the following judgment. It is hereby:

1. **ORDERED**, Adjudged, and Decreed that General Security is liable for its 12.5% share of the $72,813,957 in Cast Coil BI damages, for a total of $9,101,744.63. Defendants do not owe prejudgment interest on these amounts. It is further

2. **ORDERED**, Adjudged, and Decreed that General Security is liable for its 12.5% share of the $7,339,461 in Pack Pounds BI damages, and of $3,510,122.36 in prejudgment interest running from August 4, 2020 through January 20, 2026, for a total of $1,356,197.92. It is further

3. **ORDERED**, Adjudged, and Decreed that General Security is liable for its 12.5% share of the $2,192,054.79 in prejudgment interest on Defendants' prior $9 million settlement payment for property damages running from May 11, 2021 through February 21, 2024, for a total of $274,006.85. It is further

4. **ORDERED**, Adjudged, and Decreed that General Security is liable for its 12.5% share of the $21,274,670.50 in remaining RCV Property damages, and of $8,746,658.20 in prejudgment interest running from May 11, 2021 through January 20, 2026, for a total of $3,752,666.09. Therefore, it is further

5. **ORDERED**, Adjudged, and Decreed that JWA shall recover from General Security a total amount of $14,484,614.49, calculated by adding the damages determined by the jury and prejudgment interest detailed above. It is further

6. **ORDERED**, Adjudged and Decreed that costs shall be taxed against Defendants pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). It is further

7. **ORDERED**, Adjudged and Decreed that JWA is awarded post-judgment interest on the amounts awarded herein, pursuant to 28 U.S.C. § 1961.

Within 14 days after the Court has entered an order(s) disposing of all post-judgment motions, any motions for attorneys' fees and related non-taxable expenses may be filed pursuant to Fed. R. Civ. P. 54(d)(2) and any other applicable rule or law.

IT IS SO ORDERED.

/s/ *Bruce Howe Hendricks*
United States District Judge

January 20, 2026
Charleston, South Carolina